Pervez & Rehman, P.C.
6268 Jericho Turnpike, Suite 8
Commack, NY 11725
Telephone: 631-427-0700
Fax: 631-824-9020
Email:info@pervezrehman.com

Attorneys for Plaintiff and Putative Class Members

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NICHOLAS C. KERR-SMITH, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**BLUETRITON BRANDS, INC. formerly known as Nestle Waters North America, Inc.,**<br><br>**Defendant.** | Index No: 22-CV-7641<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Nicholas C. Kerr-Smith ("Plaintiff" or "Mr. Kerr-Smith") individually and on behalf of all others similarly situated, as class representatives, by and through his undersigned attorneys, Pervez & Rehman, P.C., files this Complaint against BlueTriton Brands Inc, f/k/a Nestle Waters North America, Inc states as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime wages for Plaintiff and similarly situated Delivery & Sales Drivers ("DSD") in New York who work or have worked for BlueTriton Brands, Inc., formerly known as Nestle Waters North America Inc ("BTB" or "Defendant").

1

2. Defendant BTB operates a program known as Ready Refresh whereby customers can participate in a beverage delivery program to have water and other items, including but not limited to beverages, delivered on a regular basis.

3. DSD are responsible for servicing accounts, sales, and deliveries to BTB customers.

4. Plaintiffs and similarly situated employees are/were misclassified employees who are/were paid on a salary basis but denied overtime compensation for all hours worked in excess of forty (40) hours per week.

5. Plaintiffs and similarly situated employees were classified as exempt under the Fair Labor Standards Act, Motor Carrier Exemption but were still entitled to overtime under New York Labor Law.

6. Plaintiffs regularly worked over forty (40) hours per week but were paid a flat weekly salary with no overtime pay at a rate of time and half of minimum wage under New York Labor Law, more specifically, 12 N.Y.C.R.R § 142-2.2.

7. Under 12 N.Y.C.R.R. § 142-2.2, Plaintiff and similarly situated employees are entitled payment of overtime at a rate of one and one-half times the applicable minimum wage.

8. Plaintiffs bring this action to recover overtime premium pay owed to them pursuant the New York Labor Law ("NYLL"), §§ 650 et seq. Plaintiffs also bring claims for failure to provide accurate wage notices and wage statements pursuant to NYLL §§ 190 et seq. and the supporting regulations.

9. Plaintiff brings this action to recover damages for the payment of untimely wages pursuant to NYLL §191(1)(a). For the violation of this particular statute, Plaintiff brings this claim on behalf of himself only.

10. Plaintiff was entitled to weekly wages, rather than the bi-weekly wages he received, because Plaintiff engaged in manual labor for more than twenty-five percent (25%) of his workday.

11. Except as specified above, Plaintiff brings his NYLL claims on behalf of himself, and a Federal Rule of Civil Procedure 23 class of all similarly situated employees working for Defendant in New York.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 since the controversy involves citizens of New York (Plaintiff) and Delaware (Defendant) and the value of the amount in controversy exceeds $75,000, exclusive of attorneys' fees, costs and interest.

13. Venue is proper under 28 U.S.C. § 1391(b)(2). At all times material hereto, Plaintiff has operated, conducted, engaged in, and/or carried on a business or business venture in this state. There is the requisite nexus between the business and this action and Defendant engaged in substantial and not isolated activity within New York. At all times material hereto, a substantial portion of the events giving rise to this action arose in this judicial district.

## THE PARTIES

14. Nicholas Kerr-Smith was, at all relevant times, a natural person residing in Suffolk County, New York.

15. Throughout the relevant time period, and since 2004 Plaintiff performed work for Defendant BTB as DSD.

3

16. During the relevant time period, Plaintiff worked as a sales and delivery driver and was tasked with loading, delivery, account management and sales of BTB products within New York State.

17. During the relevant period, Plaintiff was a covered employee under NYLL.

18. During the relevant period, and upon information and belief, Defendant classified Plaintiff as exempt from overtime under the FLSA based on the Motor Carrier Exemption.

19. Plaintiff worked as a delivery and sales driver for Plaintiff which involved managing existing accounts, sales, delivering products within New York State such as water and other beverages, and promoting the services of the Ready Refresh program, a program which allows customers to order beverages and related product for weekly, bi-weekly, monthly, or one-time delivery.

20. According to its website, the company formerly known as Nestlé Waters North America has begun operating under a new corporate name, BlueTriton Brands after completion of its acquisition by One Rock Capital Partners, LLC in partnership with Metropoulos & Co., from Nestlé S.A., on March 31, 2021.

21. BlueTriton is a foreign business corporation organized under the law of the State of Delaware, with a principal place of business in Connecticut.

22. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of.

23. At all relevant times, Plaintiff and the Class Members who are residents of New York State were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

24. Pursuant to the NYLL, Plaintiff bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since May 16, 2016 and through the entry of judgment in this case (the "Class Period") who worked as DSDs or similar positions and who have not been paid statutory overtime compensation under NYLL while employed by BTB, after working more than forty (40) hours in a given workweek, and who have not received wage notices upon hire or pay increase or accurate wage statements reflecting accurate hours worked (the "Class Members").

25. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

26. The Class Members are so numerous that joinder of all members is impracticable.

27. Upon information and belief, there are in excess of forty (40) Class Members.

28. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

   a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek at a rate equal to one and one half times New York State minimum wage;

    d. whether Defendants failed to provide Plaintiff and the Class Members with an accurate statement of wages with every wage payment as required by the NYLL;

    e. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or when their wage rate(s) changed, as required by the NYLL;

    f. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

    g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

29. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, are DSD's who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, were, inter alia, not paid overtime wages at one and one half times minimum wage for all hours worked over forty (40) in a given workweek and did not receive proper wage statements and wage notices.

30. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

31. Plaintiff and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

32. Plaintiff's counsel are experienced and are well-prepared to represent the interests of the Class Members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34. Defendants are sophisticated parties with substantial resources. The individual Plaintiff lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

35. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

36. Plaintiff, Mr. Kerr-Smith, was employed by Defendants since October 2014 through May 16, 2022 (the "Kerr-Smith Employment Period").

37. Plaintiff's duties from when he was first hired until his termination included the following: maintaining customer accounts, servicing customer accounts, sales and delivering beverages to customers on a regular basis.

38. Defendants willfully misclassified Plaintiff and members of the Class Action as exempt from overtime under New York Labor Law.

39. Plaintiff worked on average, sixty (60) hours per week, and was not paid for any time above forty (40) in any given workweek.

40. Upon information and belief, DSD's regularly worked over forty hours per week and up to seventy (70) hours per week but were only paid for the first forty (40) hours in any given workweek.

*NYLL Requires Payment of Overtime*

41. While Plaintiff and similarly situated employees may not be entitled to overtime under the FLSA's, Motor Carrier Exemption, under the New York Labor Law, 12 N.Y.C.R.R. § 142-2.2, employees who are classified exempt under the FLSA's Motor Carrier Exemption are still entitled to overtime for all hours worked over forty (40) in a given work week at a rate equal to time and one half of minimum wage.

42. From on or about October 2004 until present, Plaintiff's duties as a DSD included driving, sales, delivery, and account management.

43. Defendants willfully misclassified Plaintiff and members of the Class actions as exempt under NYLL.

44. Despite the fact that Plaintiff regularly worked in excess of forty (40) hours in a given workweek, Plaintiff was never paid overtime premiums equal to one and one-half (1.5) times minimum wage for all hours worked over forty (40) and therefore, is owed overtime under NYLL.

*Defendants' Unlawful Corporate Policies*

45. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime premiums under NYLL and failure to provide accurate wage notices and wage statements.

46. Upon information and belief, other employees have complained to Defendants about their unlawful pay practices.

47. Plaintiff and Class Members were paid bi-weekly salary and compensated for eighty (80) hours of work per pay cycle.

48. Defendants have not provided Plaintiff or Class Members with proper statement of wages containing the actual number of hours worked, including overtime hours worked.

49. Defendants did not maintain a time-keeping system for Plaintiff or Class Members.

50. Defendants have not provided Plaintiff or Class Members with proper wage notices at the time of hire or when their wage rate(s) changed.

51. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff and continue to pay them on a salary basis.

52. Upon information and belief, such individuals were not paid time and one-half of minimum wage when working in excess of forty (40) hours per week. Additionally, such individuals were not provided with wage notices at hiring, by February 1 of each year, or when their wage rate(s) changed, or proper wage statements reflecting the number of hours worked, their hourly rate and overtime rate.

53. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate time records.

*Failure to Pay Weekly Wages*

54. Plaintiff worked as a manual laborer and more than twenty-five percent (25%) of his workday involved manual work including loading goods, unloading goods, and delivering goods to customers, and driving.

9

55. As such, Plaintiff was entitled to be paid weekly and no later than seven calendar days after the end of the week in which wages are earned, pursuant to NYLL §191(1)(a).

56. Plaintiff was paid on a bi-weekly basis instead of a weekly basis.

## FIRST CAUSE OF ACTION

## NEW YORK LABOR LAW – UNPAID OVERTIME

### (Brought on Behalf of Plaintiff and the Class Members)

57. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. Defendants misclassified Plaintiff and the Class Action Members as exempt from the overtime provisions of the NYLL, 12 N.Y.C.R.R. § 142-2.2 and failed to pay them overtime for hours worked in excess of forty (40) in a workweek.

59. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of one and one-half (1.5) times New York State minimum wage for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

60. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

## SECOND CAUSE OF ACTION

**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**

**(Brought on Behalf of Plaintiff and the Class Members)**

61. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

63. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workday that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, et seq., reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**THIRD CAUSE OF ACTION**

**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**

**(Brought on Behalf of Plaintiff and the Class Members)**

64. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 et seq., reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**

**NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES**

**(Brought on Behalf of Plaintiff)**

67. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. Plaintiff was a manual worker.

69. Defendant failed to pay Plaintiff his wages in a timely manner, pursuant to NYLL §191(1)(a).

70. Due to Defendants violation of NYLL, Plaintiff is entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs and interest as provided for by NYLL §198.

### PRAYER FOR RELIEF

**Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Putative Class Members, respectfully request that this Court grant the following relief:**

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to overtime compensation pursuant to the NYLL and supporting regulations;

g. An award of the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs and interest as provided for by NYLL §198;

h. An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 (1) occurred or continue to occur, up to a maximum of five thousand ($5,000.00) per plaintiff and each of the class members as provided for by NYLL, Article 6 198(1)-b;

i. An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Members for each day that the violations of NYLL, Article 6 § 195 (3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff deem a trial by jury on all questions of facts raised by the complaint.

Dated: Commack, New York
December 15, 2022

                                              Respectfully Submitted,
                                              Pervez & Rehman, P.C.

*Aneeba Rehman*
_____
By: Nadia M Pervez
Aneeba Rehman
Pervez & Rehman, P.C.
6268 Jericho Turnpike, Suite 8
Commack, NY 11725
Telephone: 631-427-0700
Fax: 631-824-9020
Email:info@pervezrehman.com
Attorneys for Plaintiff and Class Members

15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS KERR-SMITH, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>-against-<br><br>BLUETRITON BRANDS, INC. formerly known as Nestle Waters North America, Inc.,<br><br>                Defendant. | INDEX NO: 22-CV-7641<br><u>**Class Action**</u><br><br><u>**Verified Complaint**</u> |

---------------------------------------------------------------------X

**VERIFICATION**

STATE OF NEW YORK    )
                                  ss.:
COUNTY OF SUFFOLK    )

I, NICHOLAS C. KERR-SMITH, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                                            _____
                                                             Nicholas C. Kerr-Smith

Sworn to before me on this 14th day of December, 2022.

_____
        Notary Public

ANEEBA REHMAN
Notary Public - State of New York
No. 02RE6434361
Qualified in Nassau County
My Commission Expires 06/06/2026

16

## CONSENT TO BECOME PARTY PLANTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of:

**BLUETRITON BRANDS, INC. formerly known as Nestle Waters North America, Inc.**
and/ or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees, and/or affiliates to pay me overtime wages, provide wage notices and accurate wage statements as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as a representative plaintiff in this action to make decisions on behalf of all other Plaintiff concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pervez & Rehman, P.C. without prepayment of costs or attorneys' fee. I understand that if Plaintiff are successful, cost expanded by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received for the defendants or approximately one third (1/3) of my total settlement or judgment amount (including fees), whichever is greater.

_____          _____
SIGNATURE                                                         PRINTED NAME

17